NOAH P. FORD *vs.* AMERICUS V. TIRRELL.

In an action on an agreement to build an octagonal cellar wall at a certain price by the foot, evidence of the usage of measuring the angles of such walls, and of the proper mode of measuring the angles of rectangular walls, is admissible.

On money due for labor, interest may be recovered after a demand of payment made at the expiration of a reasonable time.

ACTION OF CONTRACT for work and labor in building a cellar wall. At the trial in the court of common pleas, before *Sanger,* J., it appeared in evidence that the labor was done under a simple agreement by the plaintiff to build the wall of an octagonal cellar for the defendant, at the rate of eleven cents a foot. The only question was as to the mode of measurement; the defendant contending that the inner face of the wall should be the rule ; the plaintiff, that an additional allowance should be made for the necessary work at the angles to support the building.

Ford *v.* Tirrell.

Contradictory evidence was introduced of the proper mode and the local usage of measuring cellar walls. One of the witnesses called by the plaintiff was allowed, against the defendant's objection, to testify to the mode of measuring walls of rectangular cellars, and that he thought this wall should be measured in the same way.

The court instructed the jury " that as the contract was silent as to the mode of measurement of the wall, if there was a general custom or usage among the builders of cellar walls in that vicinity, by which such walls were measured, the parties would be supposed to have contracted according to such usage, and the jury should follow such usage in their measurement of the wall in dispute ; but if there was no such general custom or usage, the jury should make such a measurement of the wall, as from all the testimony in the case they were satisfied was a just and proper measurement."

The court further instructed the jury that if they should find for the plaintiff, and that he had demanded payment at the expiration of a reasonable time from the completion of the work, they should allow him interest from the time of such demand ; otherwise, from the date of the writ.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. Simmons,* for the defendant.

*D. U. Johnson,* for the plaintiff.

MERRICK, J. The controversy between the parties at the trial of this action related entirely to the amount of money which the plaintiff had earned in the performance of his contract. He had built the cellar wall as he had agreed to do, and was entitled to receive therefor at the rate of eleven cents a foot, in full compensation for his services. The jury had therefore only to determine the number of feet of which the wall consisted, in order to ascertain the sum to which the plaintiff was entitled, and for which they were to render a verdict. But how was this to be done and in what manner was the admeasurement to be made ? The meaning of the language used by the parties in their agreement being, in reference to the compensation to be

paid for the work which was to be done, equivocal and obscure, it was certainly competent for the plaintiff to introduce proof of usage, in order to interpret the meaning of the language and to ascertain the extent of the contract. 1 Greenl. Ev. § 292. " The true office of usages of trade," says Mr. Greenleaf, " is to interpret the otherwise indeterminate intention of the parties;" "and to fix and explain the meaning of words and expressions of doubtful or various senses." 2 Greenl. Ev. § 251.

The evidence in relation to a general usage to make an allowance to the extent claimed by the plaintiff in the admeasurement of octagon walls beyond the mere inner surface of them, on account of necessary additional work at the angles, appears to have been put in without objection. And it was, we think, very properly admitted. But one of the witnesses, who was called to prove this general usage, testified also as to the mode in which he thought rectangular and octagon walls should both be alike measured. The defendant objected to the testimony relative to the rectangular wall, because the two were so dissimilar that they could not be compared with each other. We do not see any force in this objection. The angles in the two kinds of wall differ it is true in some degree, but they are not wholly unlike. And proof of the correct mode of measuring the former to ascertain the number of feet of which it consists, would afford some light and some aid in determining how, for a similar purpose and under a similar contract, the latter ought to be admeasured. It was for the jury to say what weight ought justly to be allowed to it.

The instructions to the jury were right. They were to determine upon the evidence in the first instance whether there was sufficient proof of such a general usage as was contended for by the plaintiff. If they found it to exist, they were properly advised to take it as a guide in fixing upon the mode of measuring the wall; the computation according to which was to be adopted as the basis of their verdict. If there was no such general usage proved, then undoubtedly it was their duty, as they were further advised, to allow for such an admeasurement of the wall as they were satisfied upon all the evidence in the case

was just and proper. This would be acting upon the most reasonable construction which could be given to the agreement between the parties; and since the language in which it was expressed was not precise and definite, but in some degree obscure or of doubtful meaning, a decision upon the conflicting pretensions of the parties upon any other interpretation would have been justly obnoxious to complaint.

As all these instructions, as well as that in relation to interest, appear to us to have been correct, the

*Exceptions are overruled.*